UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D & D GROUP PTY LTD, an Australian corporation; D & D TECHNOLOGIES PTY LTD, and Australian corporation; D & D TECHNOLOGIES (USA), INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONWIDE INDUSTRIES INC, a Florida corporation,<br><br>Defendant. | Civil No.   08-cv-0236-WQH (POR)<br><br>**ORDER RESCHEDULING EARLY NEUTRAL EVALUATION CONFERENCE** |

Counsel for all parties contacted chambers on May 12, 2008 and jointly requested that the Early Neutral Evaluation conference scheduled for July 3, 2008 be rescheduled. By agreement of the parties, IT IS HEREBY ORDERED that the Early Neutral Evaluation conference in this matter shall be held on **July 14, 2008** at **2:00 p.m.**

The following are mandatory guidelines for the parties preparing for the Early Neutral Evaluation Conference.

1. **Purpose of Conference:** The purpose of the Early Neutral Evaluation Conference ("ENE") is to permit an informal discussion between the attorneys, parties, and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. All conference discussions will be informal, off the record, privileged and confidential. Counsel for any non-English speaking parties is responsible for arranging for the appearance of an interpreter at the

conference.

    2. **Personal Appearance of Parties Is Required:** All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, and the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case.

    3. **Full Settlement Authority Required:** In addition to counsel who will try the case, a party or party representative with full settlement authority[1] must be present for the conference. In the case of a corporate entity, an authorized representative of the corporation who is neither corporate counsel nor retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the plaintiff's prayer (excluding punitive damage prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

Unless there are **extraordinary circumstances,** persons required to attend the conference pursuant to this Order shall not be excused from personal attendance. Requests for excuse from attendance for extraordinary circumstances shall be made in writing at least 48 hours prior to the conference. Failure to appear at the ENE conference will be grounds for sanctions.

    4. **New Parties Must Be Notified by Plaintiff's Counsel:** Plaintiff's counsel shall give notice of the ENE to parties responding to the complaint after the date of this notice.

    5. **Case Management Under the Amended Federal Rules and Local Patent Rules:** In the event the case does not settle at the ENE, the parties can expect to leave the ENE with Rule 26 compliance dates and deadlines, and a Case Management Order including a Claim Construction briefing schedule and hearing date. **Parties shall therefore meet and confer pursuant to Fed.R.Civ.P. 26(f) no later than 10 days before the ENE** and be prepared to discuss the following

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

matters at the conclusion of the ENE conference:

    a. Any anticipated objections under Federal Rule of Civil Procedure 26(a)(1)(E) to the initial disclosure provisions of Federal Rule of Civil Procedure 26(a)(1)(A-D) and the date of initial disclosures;

    b. Any proposed modification of the deadlines provided for in the Patent Local Rules, and the effect of any such modification on the date and time of the Claim Construction Hearing, if any;

    c. Whether the court will hear live testimony at the Claim Construction Hearing;

    d. The need for and specific limitations on discovery relating to claim construction, including depositions of percipient and expert witnesses;

    e. The order of presentation at the Claim Construction Hearing; and

    f. Any proposed modifications to the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule.

The Court will issue an order following the ENE addressing these issues and setting dates as appropriate.

Questions regarding this case may be directed to Judge Porter's law clerk, David K. Ries, at (619) 557-5383.

DATED: May 16, 2008

_____
LOUISA S PORTER
United States Magistrate Judge

cc:    The Honorable William Q. Hayes
       All parties