Gary M. Anderson (State Bar No. 97385)
ganderson@fulpat.com
Michael J. Moffatt (State Bar No. 180343)
mmoffatt@fulpat.com
Jessica Brookhart-Knost (State Bar No. 246244)
jknost@fulpat.com
FULWIDER PATTON LLP
Howard Hughes Center
6060 Center Drive, Tenth Floor
Los Angeles, California 90045
Telephone: (310) 824-5555
Facsimile: (310) 824-9696
litdocketla@fulpat.com

Attorneys for Plaintiffs

George R. McGuire (*pro hac vice*)
gmcguire@bsk.com
David L. Nocilly (*pro hac vice*)
dnocilly@bsk.com
BOND, SCHOENECK & KING PLLC
One Lincoln Center
Syracuse, NY 13202-1355
Telephone: (315) 218-8000
Facsimile: (315) 218-8100

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D & D GROUP PTY LTD, an Australian corporation, D & D TECHNOLOGIES PTY LTD, an Australian corporation and D & D TECHNOLOGIES (USA), INC. a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>Nationwide Industries, Inc., a Florida corporation,<br><br>Defendant. | CASE NO. 08CV-0236 WQH POR<br><br>Assigned to The Hon. William Q. Hayes<br><br>Complaint Filed: February 6, 2008<br><br>**Joint Rule 26(f) Report**<br><br>ENE Conference<br>Date:   July 14, 2008<br>Time:  2:00 pm<br>Dept.:  Courtroom H - First Floor |

/ / /

/ / /

295662.1   Joint Rule 26(f) Report   1

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Local Patent Rules, and the Order Rescheduling Early Neutral Evaluation Conference of May 16, 2008, a conference was held on July 2, 2008 and was attended by Gary M. Anderson and Jessica Brookhart-Knost, attorneys for D & D Group Pty Ltd, D & D Technologies Pty Ltd, and D & D Technologies (USA), Inc. (collectively referred to as "Plaintiffs") and by James McNeil and George R. McGuire, attorneys for Defendant Nationwide Industries, Inc. ("Nationwide").

Counsel for the parties discussed the issues called for under Rule 26(f), Federal Rules of Civil Procedure, Local Rule 26 and the Order Rescheduling Early Neutral Evaluation Conference issued by the Court on July 2, 2008. The parties' joint report is set forth below.

1. **Summary of the Case**

The instant case is one sounding in patent infringement/non-infringement. On February 6, 2008, Plaintiffs filed an action against Nationwide for patent infringement of U.S. Patent No. 5,584,100 for Hinge (the "100 Patent"), embodiments of which Plaintiffs sell under the trademark TRUE CLOSE®. On April 24, 2008, Nationwide filed its Answer and asserted counterclaims for Non-Infringement and Invalidity of the '100 Patent, Unfair Competition and False Advertising under the Lanham Act and California State laws, and Trade Libel. Plaintiffs filed their Replies to the Counterclaims on May 19, 2008.

2. **Synopsis of Principal Issues**

The principal issues in this suit and counter-suit are as follows:

    A. Nationwide's Infringement or Non-Infringement of the '100 Patent;

    B. Assuming Nationwide is held to infringe, whether its infringement was willful;

    C. The validity of the '100 Patent;

    D. Damages arising from Nationwide's alleged infringement;

E. Whether Plaintiffs have engaged in false advertising;

F. Whether Plaintiffs have engaged in unfair competition;

G. Whether Plaintiffs have engaged in trade libel; and

H. Damages arising from Plaintiff's alleged false advertising, unfair competition, and trade libel.

**LOCAL PATENT RULE 2.1(b)(1)-(3) CONSIDERATIONS**

3. **Proposed Modifications to Deadlines for Patent Local Rules.**

The Parties propose modification to the deadlines for Patent Local rules by extending the deadline for the Disclosure of Asserted Claims by fourteen (14) days, which necessarily sets back all other subsequent dates by fourteen (14) days. The Parties also propose modification of Patent Local Rule 4.4(a) extending the deadline to file the construction briefs by an additional seven (7) days. The proposed dates are as follows:

A. Disclosure of Asserted Claims (Local Patent Rule 3.1-3.2): August 11, 2008;

B. Preliminary Invalidity Contentions (Local Patent Rule 3.3-3.4): October 10, 2008;

C. Final Infringement Contentions (Local Patent Rule 3.6): 30 days after Court's Claim Construction Ruling

D. Produce/Make Available for Inspection opinion(s) and documentation relating to opinions as to which privileges are agreed to be waived and/or service of privilege log (Local Patent Rule 3.8): 30 days after Court's Claim Construction Order

E. Exchange of Preliminary Proposed Claim Constructions (Local Patent Rule 4.1(a)): October 24, 2008;

F. Exchange of Responsive Claim Constructions (Local Patent Rule 4.1(c)): November 7, 2008;

G. Joint Claim Construction Chart & Worksheet and Joint Hearing

Statement (Local Patent Rule 4.2): November 21, 2008;

H. Claim Construction Discovery Cut-Off (Local Patent Rule 4.3): December 22, 2008;

I. Claim Construction Briefs Cut-Off (Local Patent Rule 4.4(a)): January 12, 2009;

J. Responsive Claim Construction Briefs Cut-Off (Local Patent Rule 4.4(b)): January 26, 2009; and

K. Claim Construction Hearing (Local Patent Rule 4.5): February 23, 2009.

4. **Whether Court will Hear Live Testimony at Claim Construction Hearing**.

The Parties are unaware whether live testimony will be heard at the claim construction hearing and, pending the results of discovery, the Parties reserve the right to move the Court if a need arises for live testimony.

5. **Necessity of Specific Limits on Discovery Relating to Claim Construction (including depositions of percipient and expert Witnesses.**

The Parties agree it is not necessary to create specific limits on discovery relating to claim construction. Rather, the Parties may depose any identified expert witnesses pertaining to claim construction and any such depositions shall not count against the allotted ten (10) depositions provided in Rule 30, Fed. R. Civ. P.

**FEDERAL RULE 26(f) CONSIDERATIONS**

6. **Rule 26(f)(3)(A): Anticipated Changes to Rule 26(a) Disclosure**

The parties do not recommend any changes to the timing, form, or requirement for disclosures under Rule 26(a). Initial disclosures shall be exchanged on July 28, 2008.

7. **Rule 26(f)(3)(B): Intended Discovery Plan**

The Parties agree that the Federal Rules of Civil Procedure should control.

Each side should be permitted ten (10) depositions and twenty-five (25) interrogatories, without any predetermined limits on requests for production of documents or requests for admissions.

The Parties propose the following discovery plan/completion dates:

A. Initial Disclosures: July 28, 2008;
B. Conclusion of fact discovery: May 22, 2009;
C. Exchange of Expert Reports: June 26, 2009;
D. Exchange of Rebuttal Expert Reports: July 24, 2009;
E. Conclusion of Expert Discovery: August 14, 2009;
F. Plaintiffs anticipate that discovery will be needed on at least the following subjects:
   (i) the proper construction of the patent claims;
   (ii) infringement of the '100 patent;
   (iii) damages;
   (iv) willfulness of infringement;
   (v) Defendant's contentions of invalidity of the '100 patent;
   (vi) comparative advertising;
   (vii) puffery; and
   (viii) truthfulness of the identified advertisements.
G. Defendant will seek the discovery of documents and facts relating to
   (i) the prosecution of the patent in suit;
   (ii) communications with the named inventor of the patent in suit;
   (iii) evidence concerning conception, reduction to practice, and diligence concerning the invention underlying the patent in suit;
   (iv) prior art regarding the patent in suit;
   (v) all license agreements and business negotiations or communications concerning the patent in suit;
   (vi) all communications between plaintiff and customers or potential

customers of plaintiff and/or defendant concerning defendant's products;

(vii) the falsity of statements and representations made by plaintiff regarding defendant's products; and

(viii) documents and any other information concerning plaintiff's sales and marketing efforts and tactics.

### 8. Federal Rule 26(f)(3)(C): Discovery of Electronically Stored Information

The Parties agree that electronically stored information will be produced in its searchable PDF or searchable TIFF form whenever possible, and, if not possible, in paper form.

### 9. Federal Rule 26(f)(3)(D): Privileged Matter and Protective Orders

The Parties anticipate the entry of a protective order to protect the confidentiality of documents and information exchanged during discovery. The Parties agree that the Court approved Protective Order in Appendix A to the Local Patent Rules is satisfactory for the instant action and shall execute and file same with the Court. No other orders are anticipated by the Parties at this time.

### 10. Federal Rule 26(f)(3)(E): Limitations on Discovery

Pursuant to Rule 26(f)(3)(E), the Parties do not currently propose changes to the limitations on discovery proposed under the Federal Rules of Civil Procedure or this Court's Local Rules. The Parties further propose that no other limitations on discovery should be imposed. The Parties agree that depositions and interrogatories taken under the Local Patent Rules with respect to claim construction shall not be counted against the twenty-five (25) interrogatories and ten (10) depositions allowed under the Federal Rules of Civil Procedure.

### 11. Federal Rule 26(f)(3)(F): Other Orders

The parties do not anticipate any other necessary orders at this time.

///

**12.** **Federal Rule 26(f)(2): The parties propose the following dates:**

A. Initial Disclosures: July 28, 2008;

B. Conclusion of fact discovery: May 22, 2009;

C. Exchange of Expert Reports: June 26, 2009;

D. Exchange of Rebuttal Expert Reports: July 24, 2009;

E. Conclusion of Expert Discovery: August 14, 2009;

F. Motion Cut-Off, including dispositive motions: October 5, 2009;

G. Hearing & Ruling on dispositive Motions: November 2, 2009; and

H. Trial: (estimated for 4 – 5 days): February 2, 2010

DATED: July 11, 2008  Respectfully submitted,

FULWIDER PATTON LLP

By: s/Gary M. Anderson
    Gary M. Anderson
    Michael J. Moffatt
    Jessica Brookhart-Knost
    Attorneys for Plaintiffs

DATED: July 11, 2008  Respectfully submitted,

MCKENNA LONG AND ALDRIDGE

By: s/James McNeill
    James Sullivan McNeill
    750 B Street
    Suite 3300
    San Diego, CA 92101-8105
    (619) 595-5400
    Attorneys for Defendant

BOND, SCHOENECK & KING PLLC
George R. McGuire
David L. Nocilly
Attorneys for Defendant

# CERTIFICATE OF SERVICE

I certify that on **July 11, 2008**, the foregoing **JOINT RULE 26(f) REPORT** was electronically filed the with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participant(s) e-mail address(es) denoted on the attached Electronic Mail Notice List.  For Parties who are not Filing Users, I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participant(s), if any, indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **July 11, 2008**.

> s/Jessica Brookhart-Knost
> Jessica Brookhart-Knost

# Mailing Information for a Case 3:08-cv-00236-WQH-POR

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Gary M Anderson**
  ganderson@fulpat.com,LitDocketLA@fulpat.com

- **Jessica Brookhart-Knost**
  jknost@fulpat.com,litdocketla@fulpat.com

- **George R. McGuire**
  gmcguire@bsk.com,jcalaprico@bsk.com

- **James Sullivan McNeill**
  jmcneill@mckennalong.com,lvaldez@mckennalong.com

- **Michael J Moffatt**
  mmoffatt@fulpat.com,litdocketla@fulpat.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
David L. Nocilly
Bond, Schoeneck & King PLLC
One Lincoln Center
Syracuse, NY 13202-1355
```