UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D & D GROUP PTY LTD, an Australian corporation; D & D TECHNOLOGIES PTY LTD, and Australian corporation; D & D TECHNOLOGIES (USA), INC., a California corporation,<br><br>                    Plaintiffs,<br><br>        v.<br><br>NATIONWIDE INDUSTRIES INC, a Florida corporation,<br><br>                    Defendant. | Civil No.   08-cv-0236-WQH (POR)<br><br><br><br>**CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS**<br>         **(Fed. R. Civ. P. 16)**<br>         **(Local Rule 16.1)**<br>         **(Fed. R. Civ. P. 26)**<br>         **(Patent Local Rules)** |

On July 14, 2008, the Court held a Early Neutral Evaluation in this matter. David Calabria appeared as representative of Plaintiff, with George R. McGuire appearing as counsel. Christopher Kuefoth and Richard Goodman appeared as representatives of Defendant, with George R. McGuire and Robert Brewer appearing as counsel. The parties discussed settlement, but the case did not settle at the Early Neutral Evaluation conference. Therefore, the Court held a Case Management Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Patent Local Rules immediately thereafter. **The parties shall note that the dates set forth below for the Claim Construction Hearing and Pretrial Conference differ from the dates issued orally at the Case Management Conference.** After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, IT IS HEREBY ORDERED:

///

1.   A Settlement Conference shall be held on **July 28, 2008** at **1:30 p.m.**  The conference shall be <u>telephonic</u>, with <u>attorneys only</u>.  Counsel for Plaintiff shall arrange and initiate the conference call.

2.   Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **August 15, 2008**.

3.   **Disclosure of Asserted Claims and Preliminary Infringement Contentions.**  On or before **August 11, 2008**, Plaintiff shall serve on all parties a "Disclosure of Asserted Claims and Preliminary Infringement Contentions."  Separately for each opposing party, the "Disclosure of Asserted Claims and Preliminary Infringement Contentions" must contain the following information:

    a.   Each claim of each patent in the suit that is allegedly infringed by each opposing party;

    b.   Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware.  This identification must be as specific as possible.  Each product, device and apparatus must be identified by name or model number, if known.  Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

    c.   A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

    d.   Whether each element of each asserted claim is claimed to be literally present and/or present under the doctrine of equivalents in the Accused Instrumentality;

    e.   For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

    f.   If a party claiming patent infringement asserts that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must

1  identify, separately for each asserted claim, each such apparatus, product, device, process, method,
2  act, or other instrumentality that incorporates or reflects that particular claim.

3      4.  **Document Production Accompanying Disclosure.**  With the "Disclosure of
4  Asserted Claims and Preliminary Infringement Contentions," the party claiming patent infringement
5  must produce to each opposing party, or make available for inspection and copying, the following
6  documents in the possession, custody and/or control of that party:

7      a.  Documents (e.g., contracts, purchase orders, invoices, advertisements,
8  marketing materials, offer letters, beta site testing agreements, and third party or joint development
9  agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing
10 to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for
11 the patent in suit.  A party's production of a document as required herein does not constitute an
12 admission that such document evidences or is prior art under 35 U.S.C. §102;

13     b.  All documents evidencing the conception, reduction to practice, design, and
14 development of each claimed invention, which were created on or before the date of application for
15 the patent in suit or the priority date identified pursuant to P.L.R. 3.1(e), whichever is earlier; and

16     c.  A copy of the file history for each patent in suit and each application to which
17 a claim for priority is made under P.L.R. 3.1(e).

18 The producing party must separately identify by production number which documents
19 correspond to each category.

20 The party claiming patent infringement is required to use its best efforts to obtain the
21 documents to make a timely disclosure if the documents identified above are not in the possession,
22 custody and/or control of that party.

23     5.  **Preliminary Invalidity Contentions.**  On or before **October 10, 2008**, Defendants
24 shall serve on all parties its "Preliminary Invalidity Contentions" which must contain the following
25 information:

26     a.  The identity of each item of prior art that allegedly anticipates each asserted
27 claim or renders it obvious.  This includes information about any alleged knowledge or use of the
28 invention in this country prior to the date of invention of the patent. Each prior art patent must be

identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. §102(b) must be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. §102(f) must be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. §102(g) must be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

    b.    Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination and the motivation to combine such items, must be identified;

    c.    A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. §112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function;

    d.    Any grounds of invalidity based on indefiniteness under 35 U.S.C. §112(2) of any of the asserted claims; and

    e.    Any grounds of invalidity based on lack of written description, lack of enabling disclosure, or failure to disclose the best mode under 35 U.S.C. §112(1).

    6.    **Document Production Accompanying Preliminary Invalidity Contentions.** With the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying:

    a.    Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of any Accused Instrumentality identified by the patent claimant in the "Disclosure of Asserted Claims and

Preliminary Infringement Contentions;"

      b.    A copy of each item of prior art identified in the Preliminary Invalidity Contentions, which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

      7.    **Exchange of Proposed Claim Constructions and Extrinsic Evidence.**

      a.    On or before **October 24, 2008**, the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties have identified for claim construction purposes. Each such "Preliminary Claim Construction" will also for each element which any party contends is governed by 35 U.S.C. §112(6), identify the structure(s), act(s), or material(s) corresponding to that element.

      b.    At the same time the parties exchange their respective "Preliminary Claim Constructions," they must also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. The parties must identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties must also provide a brief description of the substance of that witness' proposed testimony.

      c.    On or before **November 7, 2008**, the parties shall simultaneously exchange "Responsive Claim Constructions" identifying whether the responding party agrees with the other party's proposed construction, or identify an alternate construction in the responding party's preliminary construction, or set forth the responding party's alternate construction.

      d.    At the same time the parties exchange their respective "Responsive Claim Constructions," they must also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support any responsive claim constructions. The parties must identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert,

the parties must also provide a brief description of the substance of that witness' proposed testimony.

///

      e.      The parties must thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction Chart, Joint Claim Construction Worksheet and Joint Hearing Statement.

      8.      **Joint Claim Construction Chart, Worksheet and Hearing Statement.**  On or before **November 21, 2008**, the parties shall complete and file a Joint Claim Construction Chart, Joint Claim Construction Worksheet and Joint Hearing Statement.

      a.      The Joint Claim Construction Chart must have a column listing complete language of disputed claims with the disputed terms in bold type and separate columns for each party's proposed construction of each disputed term.  Each party's proposed construction of each disputed claim term, phrase, or clause, must identify all references from the specification or prosecution history that support that construction and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.

      b.      The parties Joint Claim Construction Worksheet must be in the format set forth in **Appendix A** and include any proposed constructions to which the parties agree, as well as those in dispute.  The parties must jointly submit the Joint Claim Construction Worksheet on computer disk in both Word and Wordperfect format or in such other format as the court may direct.

      c.      The Joint Hearing Statement must include:

      1.      The anticipated length of time necessary for the Claim Construction Hearing; and

      2.      Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that

expert.

    d.    At the Court's discretion, within 5 calendar days of the submission of the Joint Claim Construction Chart, Joint Claim Construction Worksheet and Joint Hearing Statement, the Court will hold a status conference with the parties, in person or by telephone, to discuss the schedule, witnesses and any other matters regarding the Claim Construction Hearing.

9.    **Completion of Claim Construction Discovery.**  The parties shall complete all discovery, including any depositions of any witnesses, including experts, the parties intend to use in the Claim Construction Hearing by **December 22, 2008**.  Fed.R.Civ.P. 30 applies to depositions, except as to experts.  An expert witness identified in a party's Joint Hearing Statement may be deposed on claim construction issues.  The identification of said expert in the Joint Hearing Statement may be deemed good cause for a further deposition on all substantive issues.

10.    **Claim Construction Briefs.**

    a.    On or before **January 12, 2009**, the parties shall simultaneously file and serve opening briefs and any evidence supporting their claim construction.

    b.    On or before **January 26, 2009**, the parties shall simultaneously file and serve briefs responsive to the opposing party's opening brief and any evidence directly rebutting the supporting evidence contained in the opposing party's opening brief.

11.    **Claim Construction Hearing.**  On **February 27, 2009**, at **2:00 p.m.**, the **Honorable William Q. Hayes** will conduct a Claim Construction Hearing, to the extent that parties or the court believe a hearing is necessary for construction of the claims at issue.

12.    **Final Contentions.**  Each party's "Preliminary Infringement Contentions" and "Preliminary Invalidity Contentions" will be deemed to be that party's final contentions, except as set forth below.

    a.    If a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling or a document produced with the Preliminary Invalidity Contentions, so require, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve "Final Infringement Contentions" without leave of court that amend its "Preliminary Infringement Contentions."

   b. Not later than 50 days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement may serve "Final Invalidity Contentions" without leave of court that amend its "Preliminary Invalidity Contentions" if: i) a party claiming patent infringement has served "Final Infringement Contentions," or ii) the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

  13. **Amendment to Contentions.** Amendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity Contentions, other than as expressly permitted in the section above, may be made only by order of the court, which will be entered only upon a showing of good cause.

  14. **Opinion of Counsel.** Not later than 30 days after filing of the Claim Construction Order, each party opposing a claim of patent infringement that will rely on an opinion must:

 a. Produce or make available for inspection and copying the opinion(s) and any other documentation relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived; and

 b. Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.

A party opposing a claim of patent infringement who does not comply with this requirement will not be permitted to rely on an opinion of counsel as part of a defense to willful infringement absent a stipulation of all parties or by order of the court, which will be entered only upon showing of good cause.

  15. A Mandatory Settlement Conference shall be conducted on **March 9, 2009, at 10:00 a.m.** in the chambers of Magistrate Judge Louisa S Porter. Counsel shall submit **confidential** settlement statements **directly to chambers** no later than **March 4, 2009**. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement conference briefs shall not be

1  **filed with the Clerk of the Court, nor shall they be served on opposing counsel.**

2  Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured
3  defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well
4  as the principal attorney(s) responsible for the litigation, must be present and legally and factually
5  prepared to discuss and resolve the case at the mandatory settlement conference.  Retained outside
6  corporate counsel shall not appear on behalf of a corporation as the party who has the authority to
7  negotiate and enter into a settlement.  For good cause, and on ex parte application at least one day
8  before the scheduled settlement conference, Magistrate Judge Porter may excuse a party or
9  representative from personal attendance provided such party or parties will be available by
10 telephone during the conference.  Failure to attend the conference or obtain proper excuse will be
11 considered grounds for sanctions.

12  16.  On or before **April 28, 2009**, all parties shall exchange with all other parties a list of
13 all expert witnesses expected to be called at trial.  The list shall include the name, address, and
14 phone number of the expert and a brief statement identifying the subject areas as to which the expert
15 is expected to testify.  The list shall also include the normal rates the expert charges for deposition
16 and trial testimony.  On or before **May 28, 2009**, any party may supplement its designation in
17 response to any other party's designation so long as that party has not previously retained an expert
18 to testify on that subject.

19  17.  All fact discovery shall be completed on or before **May 22, 2009**.

20  *"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil
21 Procedure must be initiated a sufficient period of time in advance of the cut-off date, so *that it may*
22 *be completed* by the cut-off date, taking into account the times for services, notice, and response as
23 set forth in the Federal Rules of Civil Procedure.  All disputes concerning discovery shall be brought

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

1  to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which
2  the event giving rise to the discovery dispute occurred.  Counsel shall meet and confer pursuant to
3  the requirements of Fed. R. Civ. P. 26 and Local Rule 26.1(a).
4      18.   Each expert witness designated by a party shall prepare a written report to be
5  provided to all other parties **no later than June 26, 2009**, containing the information required by
6  Fed. R. Civ. P. 26(a)(2)(A) and (B).
7      **Except as provided in paragraph 16, below, any party that fails to make these**
8  **disclosures shall <u>not</u>, absent substantial justification, be permitted to use evidence or testimony**
9  **not disclosed at any hearing or at the time of trial.  In addition, the Court may impose**
10 **sanctions as permitted by Fed. R. Civ. P.  37(c).**
11     19.   Any party, through any expert designated, shall in accordance with Fed. R. Civ. P.
12 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence
13 intended solely to contradict or rebut evidence on the same subject matter identified in an expert
14 report submitted by another party.  Any such supplemental reports are due on or before **July 24,**
15 **2009**.
16     20.   All expert discovery shall be completed on or before **August 14, 2009**.
17     *"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil
18 Procedure must be initiated a sufficient period of time in advance of the cut-off date, so *that it may*
19 *be completed* by the cut-off date, taking into account the times for services, notice, and response as
20 set forth in the Federal Rules of Civil Procedure.  All disputes concerning discovery shall be brought
21 to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which
22 the event giving rise to the discovery dispute occurred.  Counsel shall meet and confer pursuant to
23 the requirements of Fed. R. Civ. P. 26 and Local Rule 26.1(a).
24     21.   All motions, other than motions to amend or join parties, or motions in limine, shall
25 be **<u>FILED</u>** on or before **October 5, 2009**.
26     Motions will not be heard or calendared unless counsel for the moving party has obtained a
27 motion hearing date from the law clerk of the judge who will hear the motion.  **Be advised that the**
28 **parties must file their moving papers within three (3) days of receiving the motion hearing**

1 **date from the Court.  Be further advised that the period of time between the date you request**
2 **a motion date and the hearing date may be up to six weeks.  Please plan accordingly**.

3       Briefs or memoranda in support of or in opposition to any pending motion shall not exceed
4 twenty-five (25) pages in length without permission of the judge who will hear the motion.  No reply
5 memorandum shall exceed ten (10) pages without leave of the judge who will hear the motion.

6      22.    If an order regarding claim construction does not issue within thirty (30) days of the
7 Claim Construction Hearing, the parties shall contact the Court for a modification of the dates set
8 forth in this order.

9      23.    The final pretrial conference shall be held before the **Honorable William Q. Hayes**,
10 United States District Judge, on **December 7, 2009**, at **10:00 a.m.**

11      24.    The dates and times set forth herein will not be modified except for good cause
12 shown.

13      25.    Plaintiff's counsel shall serve a copy of this order on all parties that enter this case
14 hereafter.

16 DATED: July 17, 2008

18                                            LOUISA S PORTER
                                           United States Magistrate Judge

20 cc:        The Honorable William Q. Hayes
21           all parties